# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PCS WIRELESS WAREHOUSE, INC. and<br>PCS WIRELESS, LLC,<br><br>Defendants. | Civil Action No.:<br><br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT** |

Plaintiff XL Specialty Insurance Company ("XL Specialty"), by and through its undersigned attorneys, Goldberg Segalla LLP, alleges the following in support of its Complaint for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, unjust enrichment, and breach of contract:

## PARTIES

1.      XL Specialty is an insurance company organized and existing under the laws of the State of Delaware.  XL Specialty has its principal place of business in Stamford, Connecticut.

2.      PCS Wireless Warehouse, Inc. ("PCS Wireless Warehouse") is a New York corporation, and upon information and belief, its principal place of business is in Long Island City, New York.

3.      PCS Wireless LLC ("PCS Wireless") is a New Jersey limited liability company with its principal place of business in Florham Park, New Jersey.  (PCS Wireless Warehouse and PCS Wireless are collectively referred to as "PCS").

## JURISDICTION AND VENUE

4.      The District Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states, where the amount in controversy exceeds $75,000.

5.      There is complete diversity of citizenship between XL Specialty, which is a citizen of Delaware and Connecticut, PCS Wireless Warehouse, which is a citizen of New York, and PCS Wireless, which is a citizen of New Jersey.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the events giving rise to this claim occurred in New Jersey.

## FACTUAL BACKGROUND

**A.      The XL Specialty Policy**

7.      XL Specialty insures PCS Wireless Warehouse and PCS Wireless under an Ocean Cargo Policy bearing policy number UM00020033CR17A, attaching May 15, 2017 and remaining open and continuous until cancelled (the "XL Specialty Policy").  The XL Specialty Policy is attached hereto as **Exhibit A**.

8.      The XL Specialty Policy contains a limit of insurance of $3,000,000 per domestic land conveyance.

9.      The XL Specialty Policy contains the following provision in the Ocean Cargo Coverage Form, Section I: General Conditions:

2

21374558.v1

23.    **Deductible**

Each claim for loss or damage covered under this Policy shall be adjusted separately and from the amount of each claim as adjusted shall be deducted the amount of the deductible **As Per Declarations Page**, unless such loss or damage be caused by total loss of the vessel, or General Average of Salvage Charges.

*See* **Exhibit A**.

10.    The XL Specialty Policy contains a deductible for claims involving cargo in transit of $25,000 per occurrence for the peril of theft and non-delivery on gross claims of $100,000 or more (the "Transit Deductible").

11.    The XL Specialty Policy also contains an Annual Aggregate Deductible in the amount of $500,000 for the peril of theft (the "AAD").

12.    The Deductible provision in the Declarations Page states, in pertinent part, as follows:

Each claim for loss or damage which results from a single loss occurrence shall be adjusted separately and from the amount of each such adjusted claim, the following sum shall be deducted

**Transit (International and Domestic Overland):**

$10,000, except $25,000 per occurrence for the peril of theft and non-delivery on gross claims of $100,000 or more.

All theft and or non-delivery claims regardless of shipment size are subject to an annual aggregate deductible of $500,000. If exhausted in an annual period a maintenance deductible of $10,000 will apply.

*See* **Exhibit A**.

13.    The XL Specialty Policy also contains an Average Terms provision that sets forth specific warranties that if breached cause the $25,000 Transit Deductible to be tripled (the "Warranties Provision"). The Warranties Provision states as follows:

3

The **Goods Insured & Insurable Interest** are insured:

Against all risks of physical loss or damage from any external cause

**Warranted:**

1.    All shipments by truck: While on a truck warranted a) two drivers per truck, b) truck never to be left unattended at any time, c) a monitored GPS tracking device is placed within the goods being transported. Failure to comply with warranty(ies) triples the applicable deductible.

*See* **Exhibit A**.

**B.      The Claim**

14.     On December 21, 2017, 25 pallets containing 17,867 cellphones were loaded onto a truck in Libertyville, Illinois for transport to PCS in East Hanover, New Jersey.

15.     A single driver, without a monitored GPS tracking device, drove the truck to its destination in East Hanover, New Jersey.  A copy of the Shipping Proposal is attached hereto as **Exhibit B**.

16.     The shipment arrived at the PCS facility in East Hanover, New Jersey.  However, the PCS facility was closed when the shipment arrived.  Arrangements were made for PCS's 25 pallets to be transferred to a storage location in Linden, New Jersey.

17.     While the pallets were being unloaded at the storage location in Linden, New Jersey, it was discovered that two pallets were missing.

18.     PCS determined that the two missing pallets contained 1,500 cellphones.  PCS concluded that the two missing pallets were stolen during transit.

19.     On December 26, 2017, the remaining 23 pallets were delivered to PCS.

20.     On January 11, 2018, PCS, through its broker Integrity Insurance Brokerage, notified XL Specialty of the theft, claiming a loss of $505,250 (the "Claim").  PCS's Notice of Claim is attached hereto as **Exhibit C**.

4

21.     XL Specialty determined that the adjusted value of the Claim was $502,500. Initially, XL Specialty mistakenly determined that a Transit Deductible of $25,000 applied to the adjusted value of the Claim for a net amount of $480,250.  XL Specialty initially did not triple the Transit Deductible for PCS's failure to satisfy warranties.  In addition, XL Specialty mistakenly did not apply the AAD.

22.     On March 29, 2018, XL Specialty paid $480,250 to PCS Wireless in connection with the Claim (the "Payment").

23.     Shortly thereafter, on April 10, 2018, XL Specialty informed PCS that the XL Specialty Policy's $500,000 AAD for theft for the policy attaching on May 15, 2017 had not been satisfied and that the applicable Transit Deductible should have been $75,000 because of PCS's failure to satisfy warranties.  XL informed PCS that it was not entitled to the Payment.  XL Specialty requested that PCS reimburse XL Specialty for the Payment.

24.     PCS has refused to reimburse XL Specialty for the Payment.

25.     On September 21, 2018, counsel for XL Specialty demanded that PCS reimburse XL Specialty for the Payment.  A copy of the XL Specialty's counsel's letter to PCS is attached hereto as **Exhibit D**.

26.     PCS has not complied with XL Specialty's demand and has retained the $480,250 Payment to which it is not entitled.

## COUNT I –DECLARATORY JUDGMENT
## PURSUANT TO 28 U.S.C. §§ 2201 AND 2202

27.     XL Specialty repeats and re-alleges its allegations in paragraphs 1 through 26 of the Complaint as if set forth at length herein.

28.     Pursuant to the XL Specialty Policy's Deductible provision, the Transit Deductible for a claim involving theft or non-delivery of cargo with a value of $100,000 or more is $25,000.

5

21374558.v1

Furthermore, all claims involving theft or non-delivery of cargo, regardless of amount, are subject to the $500,000 AAD.

29.     Pursuant to the XL Specialty Policy's Warranties Provision, the applicable Transit Deductible is tripled if any one of the following three conditions are not met for shipments by truck:  (1) there must be two drivers for the truck; (2) the truck is never to be left unattended; and (3) a GPS tracking device is to be placed within the goods being transported.

30.     Upon information and belief, during transit of the cellphones at issue in the Claim, the truck had one driver and a GPS tracking device was not placed within the goods.  *See* **Exhibit B**.  As such, PCS failed to comply with two warranties.

31.     Because the stated value of the cargo at issue in the Claim was $505,250, the Transit Deductible of $25,000 for claims of $100,000 or more applied to the Claim.

32.     Because PCS failed to comply with the XL Specialty Policy's Warranties Provision regarding drivers and GPS tracking devices, the $25,000 Transit Deductible tripled to $75,000.

33.     Based upon the foregoing, the value of the Claim after application of the $75,000 Transit Deductible is $430,250.

34.     The Claim was the first claim PCS submitted to XL Specialty under the Policy that attached on May 15, 2017.  Prior to the Claim, the XL Specialty Policy's $500,000 AAD had not been satisfied by claims made under the policy.

35.     Pursuant to the terms of the XL Specialty Policy, the AAD must be applied to the value of the Claim.

36.     The value of the Claim did not exceed the $500,000 AAD.  Therefore, pursuant to the XL Specialty Policy, PCS was not entitled to the Payment in connection with the Claim.

6

37.     PCS disputes that the AAD applies to the Claim and has refused to reimburse XL Specialty for the Payment made on the Claim to which PCS is not entitled.

WHEREFORE, XL Specialty respectfully requests that the Court enter judgment in its favor and against PCS as follows:

a.      A declaration that the value of the Claim after the Transit Deductible is applied does not exceed the $500,000 AAD;

b.      PCS was not entitled to the Payment in connection with the Claim because the XL Specialty Policy's AAD had not been satisfied; and

c.      Further necessary or proper relief in the form of an order requiring PCS to pay XL Specialty $480,250, plus interest to comply with the XL Specialty Policy's deductible provisions applicable to the Claim.

## COUNT II – UNJUST ENRICHMENT

38.     XL Specialty repeats and re-alleges its allegations in paragraphs 1 through 37 of the Complaint as if set forth at length herein.

39.     The Claim is subject to the $500,000 AAD.

40.     Because the value of the Claim did not exceed the $500,000 AAD, XL Specialty had no legal obligation to make the Payment to PCS.

41.     Because the value of the Claim did not exceed the $500,000 AAD, PCS has no legal entitlement to the Payment.

42.     PCS appreciated and had knowledge of the benefit being conferred upon it by XL Specialty when it received the Payment in connection with the Claim.

43.     PCS refused to return the Payment to XL Specialty.

21374558.v1

44.     Because XL Specialty had no legal obligation to make the Payment to PCS and PCS had no legal entitlement to the Payment, retention by PCS of the benefit of the $480,250 Payment would be inequitable and unjust.

WHEREFORE, XL Specialty respectfully requests that the Court enter judgment in its favor and against PCS as follows:

a.     Awarding damages to XL Specialty in the amount of $480,250, plus interest, and

b.     Such other relief as the Court deems just and proper.

## COUNT III - BREACH OF CONTRACT

45.     XL Specialty repeats and re-alleges its allegations in paragraphs 1 through 44 of the Complaint as if set forth at length herein.

46.     PCS had an obligation to adhere to the terms and conditions of the XL Specialty Policy.

47.     Pursuant to the terms and conditions of the XL Specialty Policy, PCS was not entitled to receive payment for the Claim unless the AAD had been satisfied by payment of prior claims under the Policy that had a value in excess of $500,000.

48.     PCS breached its obligations under the XL Specialty Policy by accepting the Payment in connection with the Claim when the $500,000 AAD had not been satisfied.

49.     XL Specialty demanded that PCS return the Payment to XL Specialty.

50.     PCS's refusal to return the Payment to XL Specialty constitutes a breach of the XL Specialty Policy.

51.     XL Specialty has suffered damages as a result of PCS's breach of contract, including, without limitation, the $480,250 paid in connection with the Claim.

8

WHEREFORE, XL Specialty respectfully requests that the Court enter judgment in its favor and against PCS as follows:

a.      Awarding damages to XL Specialty in the amount of $480,250, plus interest; and

b.      Such other relief that this Court deems just and proper.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

Dated:  December 14, 2018

Hillary N. Ladov, Esquire
Attorney ID No. 058532015
1700 Market Street, Suite 1418
Philadelphia, PA 19103
(267) 519-6800
*Attorneys for XL Specialty Insurance Company*

9